516 A.2d 1300

Wallingford Enterprises, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued April 7, 1986, before Judges ROGERS and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Christina M. Kane,* for petitioner.

*Diane J. Bartels,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, July 8, 1986:

Wallingford Enterprises, Inc. (Wallingford) petitions for review of that portion of a final order of the Director of the Office of Hearings and Appeals of the Department of Public Welfare (Department) which denied its appeal of the Department's disallowance of Medical Assistance reimbursement for certain interest on capital indebtedness. We affirm.

Wallingford is a provider of services in connection with nursing, convalescence, and rehabilitation. It sought final audit reimbursement for allowable costs in connection with interest payments on a loan of $450,000 from Southeast National Bank (bank), for capital improvements. Wallingford took this loan as a second mortgage at an interest rate of two points above the bank's prime lending rate. Previously, Wallingford had obtained a first mortgage from Provident Mutual Life with a principal amount of $2,300,000 for twenty years at a fixed rate of 9½ percent.

In August, 1978, at the time of the second loan, the bank's prime rate was 9 percent. However, the second loan provided for a variable interest rate, so that it was necessary to adjust the interest rate periodically during the cost reporting period, based on the fluctuation of the bank's prime rate. In 1980, the bank's prime rate was 15.12 percent, therefore the interest rate for the loan was 17.12 percent. In the audit of the cost report filed by Wallingford for the fiscal year ending December 31, 1980, the Department disallowed reimbursement for 5.12 percent of excess interest. There was no disallowance of excess capital interest on the first loan because the interest rate (9½ percent) on this fixed rate mortgage was within three points over the bank's prime rate at the time of the loan.

The Department based this calculation on a Department of Public Welfare regulation in effect at that time, published at section IV(d)(10)(a) of the Cost Manual, 8 Pa. B. 2836 (1978). That section provided:

10. Interest allowance.

(a) Necessary and proper interest on both current and capital indebtedness is an allowable cost. However, there will be an upper limit on capital interest of 3 points above the interest rate *at the time the funds are borrowed*. (Emphasis added.)

The issue involved is the interpretation of the phrase "at the time the funds are borrowed." The Department contends that because the upper limit on capital interest at the time the funds were borrowed was 12 percent, there is no reimbursement on the second loan for anything over 12 percent. The Department further contends that the three point cap on capital interest above the prime is intended on a loan by loan basis.

On the other hand, Wallingford interprets this provision to mean that excess interest will be disallowed on a variable rate loan when the rate *at the time of the borrowing* was set at more than the prime rate plus three points. Thus, contends Wallingford, because at the time the second loan was taken out the bank's prime rate was 9 percent, and the interest rate on the loan was therefore 11 percent, reimbursement should be allowed as the interest was within the prime plus three limitation. Wallingford also argues that the three point cap is not to be applied on a loan by loan basis, and that interest reimbursement should be based on the aggregation of all capital indebtedness. In other words, Wallingford argues that although in 1980 the interest rate on the second loan was above the prime rate plus three limitation, the average percentage interest rate on its total capital indebtedness was below the limitation, and therefore reimbursement should be allowed. Wallingford further contends that any other interpretation would violate the principle that reimbursement must be cost-related and based on the "prudent buyer concept", and that if it varies from year to year, the loan may be considered prudent one year and imprudent the next.

In reviewing an administrative agency's interpretation of its own regulations, courts are governed by a two step analysis. First, the ultimate criterion is the administrative interpretation itself, which is controlling unless it is plainly erroneous or inconsistent with the regula-

tion. Second, the regulations must be consistent with the statute under which they are promulgated. The appellate court may not substitute its own independent reading of the regulations. *Commonwealth v. Forbes Health System*, 492 Pa. 77, 422 A.2d 480 (1980).

The interpretation of section IV(d)(10)(a) by the Department is consistent with the language of that regulation, and with the underlying statute, section 443.1(3) of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §443.1(3).

That section of the Public Welfare Code provides that medical cost payments shall be made on a cost-related basis. There is nothing in the section that mandates full reimbursement for all actual costs involved. The interpretation of the regulation by the Department was designed to protect the funds from escalating health care costs, yet its application provides for reimbursement on a cost-related basis. The regulation was not designed as a penalty. Nor does the prudent buyer concept apply. Reimbursement depends on fluctuation of the prime rate without regard to the prudence of the buyer. The system of prime plus three points provides a cost-related basis for reimbursement.

Wallingford also contends that the Department's application of the regulation dated October, 1978, to the audit of the cost report filed for the fiscal year ending December 31, 1980, where the loan was created in August, 1978, is a retroactive application.

A regulation does not operate retroactively simply because some of the facts to which the regulation applies, namely the loan, came into existence prior to the effective date. *Mountain Rest Nursing Home v. Department of Public Welfare*, 73 Pa. Commonwealth Ct. 42, 457 A.2d 600 (1983). In no way is the Department attempting to apply the prime rate plus three limitation to interest expense incurred prior to October, 1978.

Accordingly, we affirm.

ORDER

Now, July 8, 1986, the order of the Director of the Office of Hearings and Appeals of the Department of Public Welfare, in the above-captioned matter, dated April 5, 1985, is affirmed.